## STATE v. DAVENPORT.

1. LARCENY—EVIDENCE OF VALUE.—There being some evidence that the goods stolen were worth more than twenty dollars, the case was properly submitted to the jury ; and an exception alleging no jurisdiction in the Court of Sessions, for want of proof of grand larceny, was overruled.

---

[1]The opinion, as filed on February 23, ended here. On March 1, an order was passed by the Chief Justice, staying the *remittitur*, for the purpose of supplying an inadvertent omission in the judgment of this court; and on same day an order, signed by the three justices, directed the clerk, before sending down the *remittitur*, to incorporate the additional words which now appear.

2. CIRCUMSTANTIAL EVIDENCE—SUGGESTION TO JUDGE.—There was no error in charging that circumstantial "testimony must not only be consistent with the guilt of the person charged, but inconsistent with any other reasonable supposition," a change in phraseology not having been requested at the time.

3. INDEFINITE EXCEPTION.—An exception, that the judge "failed to define what constitutes a reasonable doubt in a sufficiently clear and distinct manner," is too indefinite an allegation of error to be considered.

4. LARCENY—FELONIOUS APPROPRIATION.—Where the goods of another are taken and carried away without felonious intent, but afterwards feloniously appropriated, the crime of larceny becomes complete.

5. NEW TRIAL—FACTS—APPEAL.—The refusal of a motion for a new trial, based on questions of fact in a law case, is not appealable.

Before FRASER, J., Newberry, March, 1892.

Indictment against John Davenport and Richard Davenport for grand larceny, committed in November, 1891. The judge charged the jury as follows:

The defendants are charged with grand larceny—that is, feloniously taking and carrying away the personal property of another over the value of twenty dollars. Larceny by that definition means the felonious taking and carrying away of the personal property of another; the stealing and taking and carrying it away with the intent fraudulently to deprive the owner of it. In this case, if the other elements of larceny were there, it would be none the less a larceny, if a member of the ginning firm—if there was a ginning firm—ignorantly helped to load the cotton and carry it away. That would not keep it from being larceny, because I am not right sure that a member of that firm might not have been guilty of larceny, if he had taken the property away from the common place where it was stored and carried it away and converted it fraudulently to his own use. What the facts are, though, is a question for the jury.

Every man comes into court with the presumption of innocence in his favor. It is for the State to show his guilt beyond a reasonable doubt. For the purposes of this case, it is only necessary to say to you, that there are two kinds of testimony, the direct testimony and the circumstantial testimony. The direct testimony is where the witness swears directly to the fact

itself.　If some man has said that he saw all the transaction—saw these parties take the cotton and put it on the wagon, take this identical bale of cotton and carry it off—that would be direct testimony.　Circumstantial testimony is where the witnesses don't swear directly as to the fact itself, but swear to a number of circumstances, from which the jury are expected to infer that the offence charged against the defendant is true.

In the case of direct testimony, the only thing for the jury to do is to consider whether or not they believe the witness.　In the circumstantial testimony, you have not only to consider the question, whether you believe those witnesses, but, after you have settled that question and determined which facts have been established to your satisfaction, whether those facts point with sufficient certainty to the guilt of the defendant.　One is hardly more than a question of belief; the other is a question of belief and reason itself.　The rule in reference to circumstantial testimony is, that the testimony must not only be consistent with the guilt of the persons charged—the defendants—but inconsistent with any other reasonable supposition.

The jury found the defendants guilty.　They then moved for a new trial, on the grounds of after-discovered evidence, supported by affidavits, of insufficiency of testimony, and of uncertainty in the charge, as alleged in the second ground of appeal.　The motion was overruled.

*Messrs. M. A. Carlisle* and *Jones & Jones,* for appellant.

*Mr. Schumpert,* solicitor, contra.

February 23, 1893.　The opinion of the court was delivered by

MR. JUSTICE McGOWAN.　The defendants were found guilty of grand larceny—stealing one bale of cotton, alleged to be the property of a "ginning firm," composed of the defendant, Richard Davenport, and nine others, and alleged to be of the value of twenty dollars.　They were sentenced to imprisonment in the State penitentiary for one year.　A motion was made before the trial judge for a new trial, on the ground of newly discovered evidence, and errors of law charged by the

presiding judge. These were overruled, and the defendants appeal to this court, upon the following grounds:

I. Because the presiding judge erred in overruling the defendants' motion for a new trial, and in refusing to grant the same.

II. Because the presiding judge erred in charging the jury that the ignorantly helping to load the cotton in question, and to carry it away by a member of the firm, would not keep it from being larceny, because he was not right sure that a member of that ginning firm "might not have been guilty of larceny, if he had taken the property from the common place where it was stored, and carried it away and converted it fraudulently to his own use;" thus confusing and leaving the minds of the jury in doubt as to the true import of the charge and the facts applicable thereto, in carrying away and fraudulently converting the cotton to his own use by a member of the firm.

III. Because the presiding judge erred in charging that it was for the State to show the guilt of the defendants beyond a reasonable doubt, and, in connection with said charge, failed to define what constituted a reasonable doubt, in a sufficiently clear and distinct manner.

IV. Because the presiding judge erred in charging the rule in reference to circumstantial evidence to be, that the testimony must not only be consistent with the guilt of the defendants, but inconsistent "with any other reasonable supposition," and more especially in not making clear to the jury what was the meaning of an inconsistency "with any other reasonable supposition."

V. Because the presiding judge erred in not charging the distinction between trespass and larceny, when the whole drift of the facts raised the question as to whether defendants committed trespass or larceny; and, therefore, the court had no jurisdiction.

VI. Because the Circuit Court had no jurisdiction of the larceny charged, as there was no sufficient proof of *grand larceny*, as charged in the indictment.

This is a case of purely circumstantial evidence, which is all

unnecessarily printed in the record, as taken from the notes of the stenographer. We will consider the exceptions in their inverse order.

The 6th exception charges that the court had no jurisdiction of the case, for the reason that there was no sufficient proof that the bale of cotton alleged to have been stolen was worth more than $20. We think there was sufficient evidence to go to the jury on that subject. R. D. Nance, the prosecutor, testified that he did "not know exactly what the bale of cotton was worth; about $30—*maybe a little more.*"

In reference to the 5th exception, it is said to be discussed in the 2d exception.

The 4th exception complains, that the judge erred in charging that the rule in reference to circumstantial evidence is, "that the testimony must not only be consistent with the guilt of the person charged, but inconsistent with any other *reasonable supposition.*" This was a slight departure from the words generally used, but we cannot think that it constituted error of law. If counsel objected to the words in which the proposition was expressed, he should have requested the judge to charge as he desired.

The 3d exception complains that the judge "failed to define what constitutes a reasonable doubt, in a sufficiently clear and distinct manner." This is certainly very indefinite as a legal objection, and we can not say that it was appealable error.

The 2d exception was [to so much of the charge] as follows: "In this case, if the other elements of larceny were there (we suppose, 'the felonious intent,' &c.), it would be none the less a larceny, if a member of the ginning firm—if there was a ginning firm—ignorantly helped to load the cotton and carry it away. That could not keep it from being larceny, because I am not right sure that a member of that firm might not have been guilty of larceny, if he had taken the property away from the common place where it was stored, and carried it away and converted it fraudulently to his own use," &c. Was that error? The objection is evidently based on the idea that, to constitute larceny, there must be a taking

and carrying away the personal property of another with a felonious intent. But that rule has been somewhat modified in various particulars. "The intent to steal need not have existed at the time of obtaining possession of the property, if followed by a felonious appropriation, and the theft is complete at the time of such appropriation. Where, however, the felonious intent exists at the time the property is obtained by false pretense, it is larceny, and the crime is complete at the time possession of the property is so obtained." 12 Am. & Eng. Ency. L., page 772 (Larceny). See *State* v. *Butler*, 21 S. C., 353; *State* v. *Shirer*, 20 S. C., 392. "While a person is staying at a tavern, the landlord offered him a gun to go out and shoot robins. He takes the gun, shoots one or two, and then goes away and disposes of it. *Held* to be larceny." *Richards* v. *Commonwealth*, 13 Gratt. (Va.), 803. We do not think that there was error here.

The first exception complains that "the presiding judge erred in overruling the defendant's motion for a new trial, and in refusing to grant the same." The refusal of a motion for a new trial upon the facts is not appealable to this court.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.