No. 3122. JAFFRAY v. STEEDMAN, November Term, 1892. In this case the plaintiffs were paid their claim in full under the decision to be found in 35 S. C., 33, and there remained a balance for *pro rata* distribution amongst the unreleasing creditors of the assignor. Thereupon plaintiffs' attorneys claimed that as they had brought this fund into court they should be paid a reasonable counsel fee out of the general fund. This claim was disallowed on Circuit (NORTON, J.), and these attorneys appealed.

*Hyde & Reynolds*, for appellant. *C. L. Winkler* and *Mordecai & Gadsden*, contra.

This court say:

The contention may be thus stated: Should the attorney of plaintiffs to any action really brought for the benefit of plaintiffs alone, when such action has secured the full and complete rights

of the plaintiffs, and afterwards such action is retained by the court to adjust the rights and equities between the defendants and among themselves, be allowed any compensation as counsel fees from the estate of an assignor through whom the plaintiffs and defendants derived all their rights? The rights of attorneys as to compensation have had several adjudications by this court. The result may be summed up as follows, in the language of this court in *Wilson* v. *Kelly*, 30 S. C., 483: "The question as to principle on which counsel fees may be charged, has lately been several times before this court, and, as we think, it has been settled that, when compensation is allowed out of a common fund belonging to others for expenses and services rendered in behalf of the common interest, it is upon the principle of representation or agency; *e. g.*, to a plaintiff in a creditors' bill, or to a defendant made a party as a representative of a class too numerous to be served."

Primarily we may remark that the right is one of contract, express or implied. Now, with the case at bar, with whom did the attorneys, Messrs. Lee & Moise, contract? Clearly with the clients, Jaffray & Co. For whom did Jaffray & Co. sue? By the very terms of their complaint, for themselves alone. What connection did they have with the action after their claim debt and interest and costs were fully paid? None whatsoever. Was the contract of their attorneys necessary to the adjudication of the rights and equities as between the defendants? Certainly not. After the defendants were brought into court by their process, the plaintiffs could have their rights adjudged; but the moment they secure all their money, then the court controlled the action so far as retaining it for the benefit of the defendants, in which benefit they (the plaintiffs) or their attorneys had no earthly concern. Well, if the plaintiff had no concern, by what right could their attorneys assume any concern therewith? None whatever. It follows, therefore, that the appeal must be dismissed. Judgment affirmed. OPINION by MR. JUSTICE POPE, March 13, 1893.