Sayre, J.
The defendant, John Porter, and two associates were indicted for grand larceny, charged with stealing an automobile owned by Lawrence Fitch, and taken out of his garage in New Boston, Scioto county, Ohio, without his knowledge or consent. The machine was driven to Portsmouth, and back through New Boston out of Scioto county, and *232 through Lawrence county to Huntington, W. Va., where the same was sold and the proceeds divided between the defendants. There was evidence tending to show that when the automobile was taken out of the owner’s garage there was no intent on the part of the defendants to steal it, but simply to take a “joy-ride.” The trial court charged the jury at defendant’s request before argument that to constitute larceny the intent to steal must be present in the mind of the defendant at the time of the taking of the property. This instruction was repeated in the general charge; but later therein the jury were instructed that if the intent to steal was formed by the defendant after the taking of the automobile, and while he was in Scioto county with it, then the crime of larceny was- committed in that county.
Unquestionably here are two conflicting propositions of law. If the first proposition is correct, then there could be no larceny if the intent to steal arose after the automobile was removed from the garage of the prosecuting witness. If, however, the second proposition is correct, then the first proposition, although erroneous, was not prejudicial to the defendant, for the effect of it was only to make it more difficult for the state to prevail and was thus favorable to the defendant. If the first proposition is correct, then the giving of the second was highly prejudicial to the defendant because of the evidence tending ¡to show that the original taking was without intent to steal.
The rule announced in 25 Cyc., 46, and in 17 Ruling Case Law, page 25, Section 28, is that the intent to steal must exist at the time of the taking, *233 and very many cases are therein cited as supporting this rule. But a careful reading of the reports will show that the rule is announced in a large number of cases where the original taking was entirely lawful, and it is admitted on all hands that if such was the character of the taking then there can be no larceny. Two essential elements of larceny are trespass, or asportation by trespass, and the intent to steal, and these must be simultaneous, the possession was secured without trespass, that is, if the act of acquiring possession was lawful, then the possession remains lawful and no subsequent act of the defendant in connection with the property can constitute larceny. So if the original securing possession was a trespass it remains a trespass as long as the possession of the property continues in the defendant, and if to that is added the intent to steal the crime is complete because both essential elements of larceny are ^present. State v. Coombs, 55 Me., 477, 92 Am. Dec., 610; Commonwealth v. White, 11 Cush, (Mass.), 483; State v. Davenport, 38 S. C, 348, 17 S. E. Rep., 37; King v. State (Ala.), 72 So. Rep., 552; Regina v. Riley, 14 Eng. Law & Eq., 544; 18 Am. & Eng. Ency. Law (2 ed.), 507.
The thought which influences us to adopt the rule announced in the authorities last above referred to is that we can see no difference in t'he character of the act whether the intent to steal is formed at the time of the taking, or thereafter during the time the defendant has possession, provided the possession was unlawfully secured. Suppose the defendants in this case did not have the intent to steal when they drove the car out of the *234 garage of the prosecuting witness, but did form such intent a half hour later as they were driving along the highway, what difference was there in the character of the act after the intent to steal was formed than there would have been had the intent to steal been present when possession of the automobile was secured? Certainly there would be none. When there is an unlawful possession secured and kept, followed by the intent to steal, there is a felonious “taking” within the meaning of the technical form of indictment for larceny. To take in this connection means to appropriate for use, to get possession of and hold. The first act of laying hands on the property does not exhaust the meaning of the word “take,1” but there is included the act of holding for use. So, if the defendant unlawfully gets possession of property, and keeps the same until he forms the intent to steal, he feloniously “takes” the same when to such unlawful holding there comes the intent to steal. In the case under consideration the “taking” began with the first act of. the defendants in moving the automobile. The “felonious taking” began when the intent to steal was formed.
The judgment of the court of common pleas will be affirmed.

Judgment affirmed.

Middleton and Walters, JJ., concur.