### 10652

### STATE v. CRAIG

(107 S. E. 926)

LARCENY—DEFENDANT, WHO TOOK PURSE ACCIDENTALLY LEFT IN STREET CAR, HELD GUILTY OF "LARCENY."—Defendant, who took a purse accidentally left on a street car, knowing that it had been accidentally left there and had not been lost or abandoned, and who appropriated the contents to his own use and refused to return it to the owner on demand, *held* guilty of larceny.

Before MAULDIN, J., Aiken, January, 1921. Affirmed.

Fred Craig indicted for grand larceny and upon conviction appeals.

*Messrs. Sawyer & Giles,* for appellant, cite: *Doctrine of theft as applied to lost articles*: 2 McM. 503-4. *And where owner is not known*: Bish. Crim. Law (6th Ed.) Sec. 5, 881, 882, 883, 759, 799, 800, 811, 823, 842. *And no marks to identify owner*: 12 Am. Dec. 176; 7 Am. Dec. 462; 37 Am. Dec. 297; 1 Hill 94. *Intent*: 17 R. C. L. 36, 37; 37 L. R. A. 116; 17 Am. Rep. 140.

*Mr. R. L. Gunter, Solicitor,* for respondent, cites: *Law as to lost goods*: Wharton Crimes, Sec. 1867; Bish. Crim. Law, Vol. 2, Sec. 878; R. C. L., Vol. 17, Sec. 40; 38 S. C. 352.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from conviction and sentence on charge of grand larceny. The defendant picked up a purse lying between the seats of one of the cars of the Augusta-Aiken Railway & Electric Corporation, soon after boarding the car at Langley, S. C., and appropriated the contents, $25.43, to his own use, and refused to return it to the owner on demand.

There are three exceptions charging error on the part of his Honor JUDGE MAULDIN.

The first exception charges error, in that his Honor erred in not directing a verdict of not guilty, on motion made in behalf of defendant at the close of the testimony, on the ground that under the testimony the facts did not constitute grand larceny. This exception cannot be sustained. The evidence shows that the purse was not lost property, but misplaced property. The conductor saw the purse; was going to pick it up, when defendant took it. The property was mislaid, and accidentally left on the trolley car; it was never lost or abandoned. The defendant reasonably supposed the owner could be found, and he knew

that it was not lost property, but misplaced, and accidentally left where he picked it up. In Ruling Case Law, Vol. 17, § 43, p. 40:

"Thus property left by the owner on the seat of a street car is not lost so as to entitle a finder to its custody, if the owner remembers where he left it and speedily applies for its restoration, and a person is guilty who takes up such property with the intent to appropriate it to his own use, or where he forms the intent after taking up the property and ascertaining that it does not belong to him."

MR. JUSTICE McGOWAN *in State v. Davenport,* 38 S. C. 352, 17 S. E. 38, uses this language:

"The intent to steal need not have existed at the time of obtaining possession of the property, if followed by a felonious appropriation."

There is no merit in any of the exceptions, and all are overruled, and judgment affirmed.