·11310

STATE v. BELT *ET AL.*

(119 S. E., 576)

1. LARCENY—INSTRUCTION AS TO POSSESSION AND USE OF GOODS BY ONE OTHER THAN OWNER HELD PREJUDICIAL ERROR.—Where there was evidence that defendants were in possession of the goods involved as mere finders of lost property, an instruction that "if one comes in possession of goods not his own, and keeps in possession and puts them to his own use, it is larceny," *held* prejudicial error.

2. LARCENY—TO CONSTITUTE LARCENY, FINDER OF LOST GOODS MUST HAVE REASONABLE MEANS OF ASCERTAINING OWNER.—Generally, the finder of lost goods must know or have reasonable means of ascertaining the owner, in order to render him guilty of larceny.

Before ANSEL, J., County Court, Greenville, January, 1922. Reversed and new trial ordered.

Thomas Belt and Ed. Norris were indicted for larceny and upon conviction appeal.

*Messrs. H. P. Burbage* and *Jos. R. Bryson,* for appellants, cite: *What constitutes a wrongful keeping of property*

NOTE: On keeping by finder of lost goods as larceny, see notes in 37 L. R. A., 121; 30 L. R. A. (N. S.), 339 and L. R. A., 1916A, 468.

*found:* 2 McC., 503 Bish. Cr. Law (6th Ed.), Sec. 5, 881–2-3, 759, 799, 800, 811, 823, 824; 12 Am. Dec., 176; 7 Am. Dec., 462; 37 Am. Dec., 297; 1 Hill 94; 17 R. C. L., 36; 37 L. R. A., 116; 17 Am. Rep., 140.

*Mr. W. E. Bowen, County Solicitor,* for the State.

October 27, 1923.

The opinion of the Court was delivered by Mr. Justice Marion.

The defendants were convicted of larceny upon an indictment charging under two counts: (1) Housebreaking; and (2) larceny.

The evidence from the State tended to establish that a storehouse was broken into and that goods of the value of about $275 were stolen therefrom; that a portion of the stolen property was found in a suit case in Belt's home; that a portion thereof was found secreted in cotton seed stored in a house near or on the premises of Norris; and that Norris was wearing a pair of the stolen shoes.

The evidence for the defendants tended to establish that while Belt was traveling on the public highway the suit case in question fell out of an automobile ahead of him; that he stopped, picked it up, and tried to overtake the car from which it had fallen, but failed to catch up; that he then brought the suit case to his home and told his wife to look out for advertisements in newspapers; that no· one had claimed the property, and that he had kept the suit case and contents "just as he found them" in his house; that the shoes worn by Norris had been given him by a certain named person; that he did not know they were stolen, and did not know of the goods hidden in the seed until they were accidentally discovered there by his brother; and that upon such discovery, suspecting for the first time that the shoes as well as the hidden goods had been stolen, he had consulted with his brother and a neighbor and was

on the verge of reporting the matter to the officers when arrested.

The learned County Judge charged the jury as follows:

"This law was called to my attention by reading a late case by the Supreme Court. 'The intent to steal need not have existed at the time of obtaining possession of the property, if followed by a felonious appropriation.' *State v. Craig,* 116 S. C., 442; 107 S. E., 926. The facts in that case were different from this, but the law is all I have reference to. Also I will read from *State v. Davenport,* 38 S. C., 348; 17 S. E., 37, 'Where goods of another are taken and carried away without felonious intent, but afterwards feloniously appropriated, the crime of larceny becomes complete.' The point of law is if one comes in possession of goods not his own and keeps in his possession and puts them to his own use, it is larceny. *State v. Kinnon* is another citation. Those are the principles of law applicable to this case."

It was the contention of the defendants that their possession of the property alleged to have been stolen was merely that of finders of lost property, the ownership of which they did not know and had no reasonable means of knowing or ascertaining. If believed, the evidence adduced by defendants was susceptible of inference which would support that contention, certainly in so far as the defendant Belt was concerned. In instructing that the legal test of the guilt of the accused was the proposition that "if one comes in possession of goods not his own, and keeps in possession and puts them to his own use, it is larceny," we think the trial Judge committed prejudical error.

The general rule is that—

2   "The finder of lost property must know or have reasonable means of knowing or ascertaining the owner in order to render him guilty of larceny." 17 R. C. L., p. 38, § 41.

Or as stated by Mr. Justice Hydrick, in *State v. Posey*, 88 S. C., 313; 70 S. E., 612:

"If money [or property] is found under such circumstances that there is absolutely no clue to the ownership, and no reasonable expectation that the owner can be found, the finder has a legal right to appropriate it to his own use, and would not be guilty of larceny in doing so. But he would be, if, knowing the owner, or having a reasonable clue to the ownership, he fraudulently converts it to his own use. 25 Cyc., 36, *State v. Ferguson*, 2 McM., 502. The intent is the gist of the crime of larceny. The presence or absence of larcenous intent may appear from all the circumstances attending the finding, the thing found, and the conversion. * * * When the possession of property has been legally obtained, and thereafter fraudulently converted to his own use by the person having the possession, an indictment at common law will not lie, because larceny, at common law, is an offense against the possession of property; hence the statute against breach of trust with fraudulent intent. *State v. Butler*, 21 S. C., 355. But where the possession of property is obtained by trick, artifice, or fraud, with intent to steal it, it is a trespass *ab initio*, and if it is afterwards fraudulently appropriated, it is indictable as larceny at common law. *Joplin v. Carrier*, 11 S. C., 328, and cases cited."

Careful examination of the cases of *State v. Craig, supra*, and *State v. Davenport, supra*, will disclose that neither, as applied to a case of lost property, is authority for the broad proposition that one who thus comes into possession of another's property and who keeps and appropriates it to his own use is guilty of larceny. In the Craig case the offence of larceny was properly held to have been committed where the defendant took a purse accidentally left on a street car, knowing that it had been accidentally left where its custody should have passed to the carrier, and knowing that it had not been lost or abandoned, appropriated

it to his own use and refused to return it to the owner on demand. To such facts the principle thus stated in 17 R. C. L., p. 39, § 43, was clearly applicable:

"A distinction is drawn between the larceny of lost goods and of goods that have been misplaced or laid down with the intention of taking them up again and then forgotten, because a person who casually puts a thing down and forgets it still remains in constructive possession of it, and therefore à person who finds and appropriates it to his own use is guilty whether the intent to steal was formed at the time of or subsequent to the taking."

In the Davenport case no question as to lost or mislaid property was involved. While the Court in that case does hold that the rule "that, to constitute larceny, there must be a taking and carrying away of the personal property of another with a felonious intent." has been "somewhat modi·fied in various particulars," it would seem that the particulars referred to, as will be seen by examination of the authorities cited by the Court, were: (1) Where the possession of property is obtained by fraud, which was the subject under discussion in 12 Am. & Eng. Enc. Law, 772, from which the Court quotes; (2) breach of trust, constituting statutory larceny (*State v. Butler,* 21 S. C., 353, and *State v. Shiver,* 20 S .C., 392); and (3) where the bare custody as distinguished from possession is intrusted by the owner to a person, such as a servant, or an agent, for a particular purpose, as in the cited case of *Richards v. Com.,* 13 Grat. (Va.), 803. See comment on the Davenport case by Judge Freeman, note 88 Am. St. Rep., 602.

We think the law applied by the trial Judge was too broadly stated in any view, and under defendants' contention, not wholly unsupported by the evidence, that they were in possession of the goods involved as mere finders of lost property, the legal test of guilt laid down was clearly misleading and prejudicial. The appellants' third exception must, therefore, be sustained.

The remaining exceptions present no reversible error, and raise no question which it is necessary or proper to discuss for the purposes of another trial.

The judgment of the County Court is reversed, and a new trial ordered.

Reversed.