21036

The STATE, Respondent, v. John Wesley MARSHALL, Appellant.
(257 S. E. (2d) 740)

*Michael J. Thompson,* Columbia, *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. Brian P. Gibbes, Staff Atty. Buford S. Mabry, Jr.,* and *Sol. James C. Anders,* Columbia, *for respondent.*

August 21, 1979.

LEWIS, Chief Justice:

Appellant was convicted and sentenced (1) to imprisonment for ten (10) years on a charge of assault and battery of a high and aggravated nature and (2) to imprisonment for fifteen (15) years on a charge of criminal sexual conduct in the second degree, the sentences to run consecutively. He has appealed alleging error (1) in the refusal of his motion to quash the indictment charging criminal sexual conduct in the second degree; (2) in refusing to direct a verdict as to that offense; and (3) in denying his request to dismiss his court appointed counsel and to permit him to represent himself at trial.

The indictments in this case were not included as a part of the Transcript but have, admittedly, been accurately set forth as exhibits attached to respondent's brief. The indictment purportedly charging criminal sexual conduct is as follows:

## CRIMINAL SEXUAL BATTERY
## SECOND DEGREE

That John Wesley Marshall did . . ., wilfully, unlawfully and feloniously sexually assault a woman, to-wit: (*prosecutrix*), age 11, by means of aggravated coercion, to-wit: by removing his clothes and getting on top of (*prosecutrix*), by kissing her, and by asking her to feel the private parts of his body.

Appellant's motion to quash the foregoing indictment upon the ground that it failed to allege any overt act sufficient to constitute criminal sexual conduct in the second de-

gree was denied by the trial judge and forms the basis for the first ground of appeal.

Under the provisions of Section 16-3-655(2) of the 1976 Code of Laws (Supplement):

A person is guilty of criminal sexual conduct in the second degree if the actor engages in sexual battery with a victim who is fourteen years of age or less but who is at least eleven years of age and the actor is at least three years older than the victim.

Therefore, in order to constitute the offense of criminal sexual conduct described in the quoted section, the element of "sexual battery" must be present. The phrase "sexual battery," as used in the statute is defined in Code Section 16-3-651(h) as follows:

'Sexual battery' means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, except when such intrusion is accomplished for medically recognized treatment or diagnostic purposes.

Clearly, even the most casual and simple reading of the indictment in this case shows that it fails to charge the essential elements of "sexual battery." The absence of such material allegations would render the indictment fatally defective, if intended to charge the offense of criminal sexual conduct.

The State argues, however, that the indictment was sufficient to charge the offense of assault with intent to commit criminal sexual conduct in the second degree. Under Code Section 16-3-656:

Assault with intent to commit criminal sexual conduct described in the above sections shall be punishable as if the criminal sexual conduct was committed.

The trial judge did not submit the offense of assault with intent to commit criminal sexual conduct to the jury for

their consideration. The jury was instructed that only two charges were set forth in the indictments, to-wit: (1) Criminal sexual conduct in the second degree and (2) assault and battery of a high and aggravated nature. A separate verdict of guilty was rendered by the jury on each charge.

Therefore, assuming that the indictment might be construed as charging an assault with intent to commit criminal sexual conduct, it would not aid the State for the jury was not permitted to consider the charge and could not have found appellant guilty of it.

Appellant has also preserved for review the refusal of his trial motion for a directed verdict of not guilty of the charge of criminal sexual conduct. Since there was admittedly no proof of a sexual battery, necessary to establish criminal sexual conduct, appellant's conviction of that offense must be reversed in any event.

The final contention of appellant, that the court should have granted his request to dismiss his court appointed counsel and to permit him to represent himself at trial, is without merit. Prior to trial appellant requested that the court appointed public defender be dismissed because he was not qualified and that other counsel be appointed. No request was made that appellant be allowed to represent himself. The trial judge concluded that court appointed counsel was competent and denied the request that counsel be discharged.

The question of whether appellant's court appointed counsel should be discharged was a matter addressed to the discretion of the trial judge. Only in case of abuse of such discretion will this court interfere. The trial judge properly exercised his discretion in this case. *State v. Jones,* 270 S. C. 587, 243 S. E. (2d) 461.

The conviction and sentence of appellant on the charge of criminal sexual conduct is reversed; otherwise the judgment is affirmed. This leaves in effect appellant's conviction and

sentence for assault and battery of a high and aggravated nature.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.