21524

The STATE, Respondent, v. William Gibbs HYMAN, Appellant.
(281 S. E. (2d) 209)

*Chief Atty. John L. Sweeny* of S. C. Commission of Appellate Defense, Columbia, *Coming B. Gibbs, Jr.* of Gibbs, Gaillard, Rowell & Tanenbaum, and *Ann M. Stirling* of McClain & Derfner, Charleston, *for appellant.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Atty. Gen. Kay G. Crowe,* Columbia, and *Sol. Capers G. Barr, III,* Charleston, *for respondent.*

*Henry F. Floyd, Pickens, I. S. Leevy Johnson* and *Jean H. Toal,* Columbia, *David W. Keller,* Florence, and *Theo W. Mitchell,* Greenville, *for legislators, amicus curiae.*

July 22, 1981.

NESS, Justice:

Appellant William Gibbs Hyman was convicted of murder and armed robbery and sentenced to death. We affirm.

On March 24, 1979, Teagus Griffis was shot and killed during the armed robbery of his home near Ravenel, South Carolina. Appellant and four accomplices were arrested and indicted for the crimes. Three of the accomplices pled guilty to non-capital offenses.

Appellant has raised numerous exceptions to his conviction and death sentence all of which are without merit.

(1) Appellant asserts the trial judge erred in denying ██ his motion to have defense counsel relieved ·because he was not up to date on the law. We disagree.

This motion was addressed to the discretion of the trial judge and will not be disturbed absent an abuse of discretion. *State v. Marshall,* 273 S. C. 552, 257 S. E. (2d) 740 (1979). Moreover, the burden was on appellant to show satisfactory cause for removal. *State v. Marshall, supra.*

We conclude the evidence was insufficient to justify █ relieving counsel and the trial court acted properly in denying appellant's motion.

(2) Appellant asserts the trial court erred in excluding prospective jurors because of their views on capital punishment. He argues he was denied a jury representative of his community because persons unalterably opposed to capital punishment were excluded. He further argues that S. C. Code § 16-3-20(E) prohibits the exclusion of prospective jurors on the basis of their opposition to capital punishment. We disagree.

This contention was resolved in *State v. Goolsby*, S. C., 268 S. E. (2d) 31 (1980), where we held when a potential juror was prevented from rendering an impartial decision or vote for the death penalty under any circumstances he could properly be excluded under § 16-3-20(E) because of the inability of that juror to faithfully carry out his duty under the law. See *State v. Tyner*, 273 S. C. 646, 258 S. E. (2d) 559 (1979).

(3) Appellant asserts the trial court erred by not inquiring of the prospective jurors if they were unalterably opposed to granting a life sentence in a murder case. We disagree.

A review of the voir dire examination in this case reveals that the prospective jurors were asked if they could give both the State and the appellant a fair and impartial trial. The voir dire conducted ensured the appellant was so tried. See *Adams v. Texas*, 448 U. S. 38, 100 S. Ct. 2521, 65 L. Ed. (2d) 581 (1980).

(4) Appellant argues the trial court erred in not refusing to excuse women with minor children and in selecting a jury composed solely of registered voters. This is without merit.

Although a woman may be excused from jury duty if she has a child under the age of seven and presents facts warranting excusal, this is not mandatory. See S. C. Code § 14-7-890 (1976). Moreover, it is within the discretion of the trial judge to excuse a juror under this code section and

there has been no abuse of discretion shown here. *State v. Rogers,* 263 S. C. 373, 210 S. E. (2d) 604 (1974).

Appellant's contention that the use of voter registration rolls in selecting the jury pool violated his rights under the Sixth Amendment to have a jury representative of his community is without merit. This contention has been generally rejected on the basis that voter registration lists are the most representative source of a community. See 80 A. L. R. (3d) 869; *Moorer v. State,* 244 S. C. 102, 135 S. E. (2d) 713 (1964); *Swain v. Alabama,* 380 U. S. 202, 85 S. Ct. 824, 13 L. Ed. (2d) 759 (1965).

(5) Appellant asserts the trial court erred in holding a witness' 1960 murder conviction was too remote to be used for impeachment. We disagree.

The determination of when a prior conviction becomes too remote to be used for impeachment rests in the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion. *State v. Johnson,* 271 S. C. 485, 486, 248 S. E. (2d) 313 (1978).

Here, the witness was convicted of murder in 1960. He was paroled in 1970, when eligible under the then existing laws. During the nine years since he was released from prison he has committed no crimes of moral turpitude. There has been no showing that the trial judge abused his discretion in not permitting the witness to be impeached by this prior conviction.

(6) Appellant contends the trial court erred in reprimanding defense counsel, outside the presence of the jury, when he attempted to impeach a witness who allegedly testified in return for being pardoned.

Counsel was reprimanded for continued cross examination about a prior conviction, which the trial judge had ruled was too remote. He was not inquiring about a pardon which allegedly had been granted by the solicitor to the witness for

testifying. Moreover, the granting or denial of pardons rests solely with the Probation, Parole & Pardon Board of South Carolina. S. C. Code § 24-21-910 (1976).

Appellant further argues the reprimand prejudiced him because it chilled defense counsel's efforts in questioning witnesses, thereby denying him the effective assistance of counsel. We disagree.

Here, after being reprimanded *outside the presence of the jury,* defense counsel ceased examining the witness and sat down. Appellant contends the reprimand inhibited counsel and prevented him from conducting an adequate defense. He further contends under *State v. Simmons,* 267 S. C. 479, 229 S. E. (2d) 597 (1976) there is a presumption of prejudice when counsel has been chilled in his efforts to zealously represent his client. However, in *State v. Wright,* 271 S. C. 534, 248 S. E. (2d) 490 (1978), in addressing a similar problem, we held that although prejudice is sometime presumed, we will not grant a new trial *where there is no prejudice.* The rebuke took place outside the presence of the jury and the actions of the trial judge were proper. There is no evidence in the record that the witness testified in exchange for a pardon, and appellant was not prejudiced when counsel ceased examining the witness.

(7) Appellant contends the trial court erred in submitting the charge of armed robbery to the jury. We disagree.

Appellant argues (1) the evidence failed to show a deadly weapon was used to accomplish the robbery; and (2) there was no evidence of an intent to steal.

A trial court is concerned only with the existence of ██ evidence, not its weight in ruling on a motion for a directed verdict. *State v. Gunter,* 273 S. C. 347, 256 S. E. (2d) 317 (1979). In reviewing the denial of a motion for a directed verdict in a criminal case, the evidence must be viewed in the light most favorable to the State. *State v. Hill,* 268 S. C. 390, 234 S. E. (2d) 219 (1977).

There is evidence in the record that appellant entered Griffis' home carrying a shotgun and beat Collis Griffis with this shotgun. Subsequently, Collis Griffis' shotgun was taken by the appellant. In *State v. Williams*, 237 S. C. 252, 116 S. E. (2d) 858 (1960), we affirmed a robbery conviction of a defendant who took a police officer's pistol during a struggle with the officer while he was attempting an arrest. The same rationale applies here.

■ Appellant contends a deadly weapon was not used in the commission of the robbery because the stock of the shotgun was broken during the melee. In *State v. Bailey*, 273 S. C. 467, 470, 257 S. E. (2d) 231 (1979), we held "a gun used in a robbery is a deadly weapon regardless of its alleged inoperability."

■ Appellant argues that intent to steal must occur simultaneously with the taking of the property to constitute robbery. In *State v. Craig*, 116 S. C. 440, 107 S. E. 926 (1921), the Court held the intent to steal need not have existed at the time of obtaining possession of the stolen goods. This exception is without merit.

We conclude the trial judge properly charged the law on robbery.

■ (8) Appellant asserts the trial court erred in charging the jury that there is a presumption of malice which arises from the use of a deadly weapon, or from the intentional doing of an unlawful act, without just cause or excuse because this created a mandatory presumption. In *State v. Crocker*, 272 S. C. 344, 251 S. E. (2d) 764 (1979), we upheld both precepts of implied malice as not contravening the due process requirements of *Mullaney, et al. v. Wilbur*, 421 U. S. 684, 95 S. Ct. 1881, 44 L. Ed. (2d) 508 (1975).

■ (9) Appellant argues he was denied the effective assistance of counsel. It is unusual to address this issue on direct appeal. However, appellant contends his

motions to have counsel relieved, for a mistrial and for a new trial were all based upon the incompetency of counsel, therefore, it is properly before us for review.

Moreover, as this is a capital case we apply the rule, in favorem vitae, and examine the record for error.

Appellant's claims are insufficient to show that justice was not done. He has not shown how counsel's alleged deficiencies affected the outcome of the trial. In *United States v. Decoster*, 624 F. (2d) 196, 214 (D. C. Cir. 1976), the court held, "[i]n the absence of a governmental impediment to effective assistance of counsel, the court cannot lightly vacate a conviction on the basis of its own appraisal on the performance of defense counsel." We conclude there is no evidence of probative value supporting appellant's contention that he was denied the effective assistance of counsel. *Greene v. State*, S. C., 277 S. E. (2d) 481 (1981).

(10) Appellant asserts the South Carolina Death ■ Penalty Statute, § 16-3-20 is unconstitutional because it is disproportionately imposed on individuals who kill white persons. The constitutionality of our death penalty statute was upheld in *State v. Shaw*, 273 S. C. 194, 255 S. E. (2d) 799 (1979). "[P]urposeful discrimination may not be assumed or merely asserted . . . It must be proven . . ., and the burden is on the one asserting discrimination. *Swain v. State of Alabama*, 380 U. S. 202, 205, 209, 85 S. Ct. 824, 827, 829, 13 L. Ed. (2d) 759 (1965) ; . . ." *Maxwell v. Stephens*, 348 F. (2d) 325 (8th Cir. 1965). Appellant has made no showing of disproportionality. *Williams, et al. v. Borden's Inc.*, 274 S. C. 275, 262 S. E. (2d) 881 (1980) ; *Apodaca v. Oregon*, 406 U. S. 404, 413, 92 S. Ct. 1628, 1634, 32 L. Ed. (2d) 184 (1972) ; *Duren v. Missouri*, 439 U. S. 357, 99 S. Ct. 664, 58 L. Ed. (2d) 579 (1979) ; *State v. Moultrie*, 273 S. C. 532, 257 S. E. (2d) 730 (1979).

We conclude no error was committed in the guilt stage of appellant's bifurcated trial and his conviction for murder and armed robbery is affirmed.

Under § 16-3-20, supra, the trial court is bound, upon a conviction for murder, to conduct a separate sentencing proceeding to determine whether the defendant should be sentenced to life imprisonment or death. When the death penalty has been imposed, it is mandatorily reviewed by us to ensure it was not the result of passion, prejudice or any arbitrary factor. S. C. Code § 16-3-25 (1976).

(11) Appellant asserts the trial court erred in refusing to declare a mistrial because of the solicitor's cross examination of him during the sentencing proceeding. We disagree.

Appellant's character was in issue during the sentencing phase of the trial, especially in light of his testimony that he had "found" God and was repentant of his past sins. See *State v. Shaw, supra.* Moreover, in *State v. Allen,* 266 S. C. 468, 224 S. E. (2d) 881 (1976), we held:

" '[A]ny matter is a proper subject of cross examination which is responsive to testimony given on direct examination, or which is material or relevant thereto, and which tends to elucidate, modify, explain, contradict or rebut testimony given in chief by the witness.' " 266 S. C. at 483, 224 S. E. (2d) 881.

"[T]he State was not required to accept, without cross examination, the defendant's version of what had happened . . ." 266 S. C. at 484, 224 S. E. (2d) 881.

Here, the cross examination concerned two acts of alleged misconduct and were relevant to the issue of character and credibility.

(12) Appellant argues the solicitor made an improper closing argument and the trial judge erred in his charge to the jury by using the word "recommend."

We resolved this issue in the recent opinion of *State v. Linder*, S. C., 278 S. E. (2d) 335 (1981), pp. 338-39, wherein we held.

"Use of the word 'recommend' by the trial judge or solicitor is not per se suspect. Under the statute 'recommendation' is the term applied to the jury's function at this phase of the trial. To instruct the jury that it will recommend what sentence the convicted murderer will be given is not improper and does not mask the true nature of the jurors' responsibility at this phase of the trial."

(13) Appellant asserts the trial court erred in its charge to the jury. We disagree.

In reviewing a jury charge for error we consider the ▮▮ charge as a whole in light of the evidence and issues as presented during the trial. *State v. Tucker*, 273 S. C. 736, 259 S. E. (2d) 414 (1979). The law to be charged must be determined from the evidence presented. *State v. Jones*, 273 S. C. 723, 259 S. E. (2d) 120 (1979).

Appellant argues the charge was erroneous because ▮ the trial judge failed to instruct the jury they could find as a statutory mitigating circumstance (1) he was an accomplice in a murder committed by another person and his participation was relatively minor; or (2) he was provoked by the victim. There is no evidence in the record to support such a charge, therefore, the judge did not err by refusing to give the instruction.

Appellant next contends the trial judge failed to ▮ charge the jury as to nonstatutory mitigating circumstances. The record reflects the judge charged the jury as follows:

"In arriving at your recommendation, you on the jury may consider any mitigating circumstances otherwise authorized or allowed by law." (Tr. p. 514, f. 17-18).

"It would be proper for you to consider in matters of mitigation or aggravation obviously whether this defendant used the weapon or whether he didn't . . ." (Tr. p. 530, f. 3-5).

The United States Supreme Court in *Lockett v. Ohio*, 438 U. S. 586, 98 S. Ct. 2954, 57 L. Ed. (2d) 973 (1978) held:

". . . [T]hat the Eighth and Fourteenth Amendments require that the sentencer, in all but the rarest kind of capital case, not be precluded from considering, as a mitigating factor, any aspect of a defendant's character or record and any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death." 98 S. Ct. at 2964-2965.

Here, the charge complied with the mandate of the Court in *Lockett v. Ohio*, supra, and the law in South Carolina.

Appellant contends the trial judge failed to instruct the jury they could return a life sentence even if they were to find statutory aggravating circumstances beyond a reasonable doubt. We disagree.

The trial judge charged, "if you conclude that the recommendation should be life imprisonment, you may return that without finding any mitigating circumstances and even if an aggravating circumstance is present." (Tr. p. 529, f. 14-17). The charge as a whole clearly instructed the jury that they could return a life sentence even if they found statutory aggravating circumstances.

We conclude in reviewing the charge to the jury in its entirety there was no error.

(14) Appellant asserts the death penalty imposed in this case is disproportionate to the severity of the offense. We are required under § 16-3-25 to determine "whether the sentence of death is excessive or dis-

proportionate to the penalty imposed in similar cases [1] considering both the crime and defendant." The record clearly reflects appellant planned, prepared and committed a brutal crime for the purpose of obtaining money. The death penalty is proportionate to a crime of this nature and to the crime and defendant in this case.

The transcript of record in this case exceeds 650 pages. We have carefully reviewed the entire record for prejudicial error overlooked by counsel and find none. We affirm the conviction and sentence of death of appellant William Gibbs Hyman.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.

---

[1] *State v. Shaw and Roach*, 273 S. C. 194, 255 S. E. (2d) 799 (1979).