625 S.E.2d 212

**Dan A. DEARYBURY, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26095.**

Supreme Court of South Carolina.

Submitted Dec. 1, 2005.

Decided Jan. 9, 2006.

36

Gloria Y. Leevy, of Leevy Law Firm, of Columbia, for Petitioner.

Attorney General Henry Dargan McMaster, Chief Deputy, Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Molly Crum, of Columbia, for Respondent.

Chief Justice TOAL:

Petitioner was convicted of criminal domestic violence (CDV) in municipal court. No direct appeal was taken. Al-

most four years later, Petitioner filed an application for post-conviction relief (PCR). The PCR court denied Petitioner relief. We remand for a hearing to determine whether Petitioner knowingly and voluntarily proceeded pro se at trial.

## FACTUAL / PROCEDURAL BACKGROUND

In August 1996, Petitioner and his wife were separated and had filed for divorce. Petitioner retained an attorney to represent him in the divorce action. Shortly thereafter, on September 10, 1996, Petitioner was arrested for CDV for an incident involving his wife.[1] After being arrested, Petitioner testified, he called his divorce attorney from the city jail. Petitioner testified that his divorce attorney told him to plead not guilty and request a jury trial at the bond hearing, which he did.

He testified that two days before a roll call, his divorce attorney told Petitioner that he would not be present. Petitioner testified he appeared at the roll call and the trial judge asked him if he was ready to get started. After Petitioner responded that he was, the trial began. Petitioner was found guilty and sentenced. Petitioner testified he did not object to going forward with the trial without counsel because he did not know what to say or do.

Petitioner testified that afterwards he believed that his divorce attorney was taking steps to relieve him of the CDV conviction. In December 2000, his divorce attorney withdrew as Petitioner's counsel in the divorce action. In April 2001, Petitioner filed this action seeking relief from the CDV conviction.

Petitioner's divorce attorney testified at the PCR hearing that he never represented Petitioner in the CDV case. He testified he was handling only Petitioner's divorce action. He testified he did not remember Petitioner calling him from jail or advising Petitioner to plead not guilty and request a jury trial. Petitioner's divorce attorney testified he received a faxed copy of a letter from the clerk of court which stated Petitioner had requested a jury trial. Several months later,

---

1. The specific facts surrounding the CDV offense are not included in the record.

he testified, he received a notice of a hearing in the CDV case. Petitioner's divorce attorney testified he called the city prosecutor and advised her that he represented Petitioner only in the divorce action. However, he asked that the CDV be continued because he hoped for a settlement in the divorce action. The city prosecutor agreed and the CDV case was continued.

Six months later, Petitioner's divorce attorney received a roster of cases from the city attorney indicating he represented Petitioner. He testified he contacted Petitioner and advised him to obtain another attorney for the CDV case. Petitioner's divorce attorney sent a letter to the city attorney advising that he was not representing Petitioner on the CDV charge. He testified he did not discuss the matter any more with Petitioner until sometime in 2000.

The PCR judge found Petitioner's divorce attorney was not Petitioner's trial counsel on the CDV offense and Petitioner was pro se at trial. The PCR judge also found Petitioner's application for PCR was barred by the statute of limitations because Petitioner waited almost four years to file it. The PCR judge additionally found that Petitioner was not entitled to a belated appeal pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974), because he held Petitioner was acting pro se and thus had waived any right to challenge the effectiveness of his counsel.

### ISSUES

1) Did the PCR judge err in finding Petitioner acted pro se and was not entitled to a belated appeal pursuant to *White v. State* ?

2) Did the PCR judge err in finding the statute of limitations barred Petitioner's PCR application?

3) Did the trial court err in failing to sua sponte grant Petitioner a continuance?

### STANDARD OF REVIEW

The Court will uphold the findings of the PCR judge when there is any evidence of probative value to support them. *Caprood v. State*, 338 S.C. 103, 525 S.E.2d 514 (2000); *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989). The

Court will not uphold the findings when there is no probative evidence to support them. *Holland v. State*, 322 S.C. 111, 470 S.E.2d 378 (1996).

## LAW / ANALYSIS

1) Belated Appeal

 The PCR judge found Petitioner was acting pro se below and his failure to file a direct appeal was due to his own inaction.[2] He also found Petitioner's divorce attorney was not Petitioner's trial counsel. Petitioner contends this was error.

Without a doubt, Petitioner appeared pro se at his trial. The term "pro se" is a term so familiar to lawyers that it hardly needs to be defined. It simply means to represent oneself. *See Black's Law Dictionary* 1237 (7th ed.1999). Clearly, Petitioner represented himself at trial and thus was acting pro se. Further, there is plenty of evidence to support the PCR judge's finding that Petitioner's divorce attorney was not Petitioner's trial counsel on the CDV offense. *Cherry v. State, supra.* While the issue was not precisely raised by Petitioner in his PCR application, the threshold question in this case is not whether Petitioner proceeded pro se but whether he knowingly and voluntarily proceeded pro se.[3]

 It is well-established that a defendant may waive the right to counsel and proceed pro se. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Although a defendant's decision to proceed pro se may be to the defendant's own detriment, it "must be honored out of that respect for the individual which is the lifeblood of the law." *Id.* at 834, 95 S.Ct. 2525. The right to proceed pro se must be clearly asserted by the defendant prior to trial. *State v. Sims*, 304 S.C. 409, 405 S.E.2d 377 (1991). The trial judge has the

---

**2.** Petitioner argues the PCR judge erred in finding that he waived his right to counsel. However, the PCR judge merely found Petitioner was acting pro se. The PCR judge did not address the voluntariness of the waiver.

**3.** In his PCR application, Petitioner raised only the issue of ineffective assistance of counsel. He contends trial counsel was ineffective in failing to appear at trial and in failing to advise him of his rights, particularly the right to appeal. In his PCR application, he raised only the issue of ineffective assistance of counsel. However, the issue of whether he voluntarily proceeded pro se was raised at the PCR hearing.

responsibility to ensure that the accused is informed of the dangers and disadvantages of self-representation, and makes a knowing and intelligent waiver of the right to counsel. *Faretta, supra.*

Whether Petitioner knowingly and voluntarily waived his right to counsel still needs to be determined. If Petitioner did not knowingly and voluntarily waive his right to counsel, he is presumably entitled to a belated direct appeal.[4] Accordingly, this issue is remanded.

### 2) Statute of Limitations

■ The PCR judge found the statute of limitations barred Petitioner's PCR application. Petitioner contends the PCR judge erred.

A PCR application ordinarily "must be filed within one year after the entry of a judgment of conviction or within one year after the sending of the remittitur to the lower court from an appeal or the filing of the final decision upon an appeal, whichever is later." S.C.Code Ann. § 17–27–45(A) (2003). Petitioner contends his PCR application is governed by subsection (C) of § 17–27–45 which provides for a one-year statute of limitations from the time of discovery of material facts not previously presented and heard that require vacation of the conviction. Petitioner contends that it was not until March 2001 that he discovered that his divorce attorney did not represent him on the CDV offense and he filed for PCR within one month.[5] Petitioner then argues that because he did not waive his right to appeal, the statute of limitations does not apply.

■ As noted above, we affirm the PCR court's finding that Petitioner's divorce attorney was not Petitioner's trial counsel on the CDV offense. However, because a defendant has the right to be informed of the right to an appeal, *Wilson v. State,*

---

**4.** *But see Walker v. State,* 283 Ark. 339, 676 S.W.2d 460 (1984)(fact that petitioner is proceeding pro se does not in itself constitute good cause for failure to conform to the prevailing rules of procedure).

**5.** At the PCR hearing, Petitioner asserted that his divorce attorney represented him until sometime in 2000. While his divorce attorney may have represented Petitioner in the divorce action until 2000, the evidence supports the PCR judge's finding that his divorce attorney never represented Petitioner in the CDV action.

348 S.C. 215, 559 S.E.2d 581 (2002), this issue also boils down to whether Petitioner voluntarily waived his right to counsel. If Petitioner did not voluntarily or knowingly waive his right to counsel, his PCR application would not be barred by the statute of limitations and he presumably would be entitled to relief.

The State also contends Petitioner's PCR application is barred by laches. However, laches is an affirmative defense that must be pleaded pursuant to Rule 8(c), SCRCP. *See also Adams v. B & D, Inc.*, 297 S.C. 416, 377 S.E.2d 315 (1989). The State did not plead laches and accordingly is barred from asserting it now.

3) Continuance

Petitioner contends the trial judge should have sua sponte continued the case. This is the direct appeal issue and because Petitioner was not granted a belated review, this issue is not properly before the Court at this time.

## CONCLUSION

For the foregoing reasons, we remand for the PCR judge to determine whether Petitioner knowingly and voluntarily waived his right to trial counsel.

**REMANDED.**

MOORE, BURNETT and PLEICONES, JJ., concur.

WALLER, J., not participating.