THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
v.
Harold Justice, Appellant.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2007-UP-108
Submitted March 1, 2007  Filed March 6, 2007

AFFIRMED

 
 
 
Chief Attorney Joseph L. Savitz, III, of Columbia, for Appellant.
Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Shawn L. Reeves, all of Columbia; and Solicitor Robert M. Ariail, of Greenville, for Respondent.
 
 
 

PER CURIAM:  Harold Justice appeals his guilty plea for common law robbery and failure to stop for a blue light.  He contends the trial judge erred in denying his motion to dismiss court-appointed counsel and to proceed pro se.  We affirm.[1]
FACTS
At approximately 12:40 a.m. on November 1, 2004, Justice entered a Hot Spot convenience store on Augusta Road in Greenville.  After all of the other customers had left the store, Justice purchased a bottle of chocolate milk.  He then went to the candy aisle, selected four packages of Reeses Pieces, and then walked back to the cash register.  When the clerk opened the register, Justice reached over the counter, told the clerk that this was a robbery, and then proceeded to take three ten dollar bills out of the cash drawer.  During the course of the robbery, the clerk activated a panic button which alerted law enforcement.  
As Justice left the scene on a motorcycle, the clerk called 911 and gave a very detailed description of Justice.  Officer Little, who was on patrol in the nearby area, received the dispatched information regarding the robbery.  Officer Little observed a motorcycle driven by someone who fit the description of the robbery suspect.  He activated his blue lights and followed the motorcycle.  According to Officer Little, Justice slowed down and put on his turn signal as if he were going to stop.  However, instead of stopping, Justice sped off and turned down a side street.  Ultimately, Justice crashed the motorcycle after hitting an embankment.  During the search of Justices person and a motorcycle saddlebag, Officer Little found a bottle of chocolate milk, four packages of Reeses Pieces, and three ten dollar bills.
A Greenville County grand jury indicted Justice for common law robbery and failure to stop for a blue light. 
On July 21, 2005, the day Justice was scheduled to be tried for the two charges, he moved for the court to dismiss his appointed counsel.  Justice claimed his counsel was ineffective because he had not pursued Justices requests regarding certain evidence, including a store surveillance videotape of the robbery and several witnesses.  
In response, Justices counsel recounted the following history of his representation of Justice:  (1) Justice indicated on March 17, 2005, that he intended to plead guilty to both charges; (2) he changed his mind on May 4, 2005, and decided to go to trial; and (3) he then decided to plead guilty on July 8, 2005.  Counsel informed the court that he was ready to try the case if Justice did not plead guilty.
The judge denied Justices motion to dismiss his counsel and instructed Justice that he could either go to trial or plead guilty.  In so ruling, the judge based his decision on the belief that Justice was playing games with the Court.         
After conferring with his counsel, Justice decided to plead guilty.  After questioning Justice regarding his decision to plead guilty and instructing him on the constitutional rights that he was waiving by pleading guilty, the judge found Justice:  (1) understood his constitutional rights; (2) was satisfied with his counsels representation; and (3) had not been coerced or forced to plead guilty.  Based on these findings, the judge ruled Justice was freely and voluntarily pleading guilty.  After the State gave a factual account of the offenses and listed Justices prior record, the judge heard from Justice and his counsel.  At the conclusion of the hearing, the judge sentenced Justice to thirteen years imprisonment for common law robbery and three years for failure to stop for a blue light.  The sentences were to be served concurrently.  This appeal followed.
DISCUSSION
Justice asserts the trial judge erred in refusing to allow him to dismiss his court-appointed counsel and proceed pro se.  Because he was not permitted to proceed pro se, Justice contends this court should vacate his guilty plea and remand for further proceedings.  We disagree.
Initially, we believe Justice has waived his right to raise this issue on direct appeal given he pleaded guilty to the charged offenses.  See   Gibson v. State, 334 S.C. 515, 523, 514 S.E.2d 320, 324 (1999) (A defendant who pleads guilty usually may not later raise independent claims of constitutional violations.); Rivers v. Strickland, 264 S.C. 121, 124, 213 S.E.2d 97, 98 (1975) (The general rule is that a plea of guilty, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea.  An accused also waives the right to trial and the incidents thereof and the constitutional guarantees with respect to criminal prosecutions.); State v. Snowdon, 371 S.C. 331, 333, 638 S.E.2d 91, 92-93 (Ct. App. 2006) (holding defendant, by pleading guilty, waived any objection he may have had and, therefore, could not assert any constitutionally-based violations).  Even if Justice properly preserved this issue, we find his argument to be without merit.  
The question of whether appellants court appointed counsel should be discharged was a matter addressed to the discretion of the trial judge. Only in case of abuse of such discretion will this court interfere.  State v. Marshall, 273 S.C. 552, 555, 257 S.E.2d 740, 742 (1979).  The defendant bears the burden to show satisfactory cause for removal.  State v. Graddick, 345 S.C. 383, 386, 548 S.E.2d 210, 211 (2001).  In evaluating whether the trial judge abused his discretion in denying Justices motion, the Court may consider several factors: timeliness of the motion, adequacy of the trial judges inquiry into the defendants complaint, and whether the attorney-client conflict was so great that it resulted in a total lack of communication, thereby preventing an adequate defense.  State v. Sims, 304 S.C. 409, 414, 405 S.E.2d 377, 380 (1991).
Applying the above-outlined factors, we find the trial judge did not abuse his discretion in denying Justices motion.  First, Justices motion was clearly untimely.  According to Justices court-appointed counsel, Justice indicated he wished to plead guilty on March 17, 2005, but then requested a jury trial on May 4, 2005, the date that his plea was scheduled.  On July 8, 2005, Justice again changed his mind when he decided to plead guilty.  On July 21, 2005, the day Justice was scheduled for trial, Justice moved to dismiss his court-appointed counsel despite his recent decision to plead guilty.  Secondly, the judge adequately inquired into Justices complaint regarding his counsel.  At the beginning of the hearing, the judge permitted Justice to explain the rationale behind his motion.  Finally, the record does not reveal that there existed any conflict between Justice and his counsel so great that it resulted in a total lack of communication.  Although there appeared to be a disagreement between Justice and his counsel regarding the approach to certain evidence, this alone is insufficient to constitute a lack of communication.  Significantly, Justice conferred with his counsel before deciding to plead guilty.  Additionally, Justice acknowledged, under oath, that he was satisfied with his counsels representation.  
To the extent Justice argues in his brief that he should have been permitted to proceed pro se, we question whether this issue was properly preserved for our review given Justice did not specifically raise this issue to the trial judge.  See State v. Hicks, 330 S.C. 207, 216, 499 S.E.2d 209, 214 (1998) (holding that issues not raised to or ruled upon by the trial judge are not preserved for appellate review). Although Justice indicated that he wanted to discharge his court-appointed counsel, the request was based on his belief that counsel was ineffective.  Thus, the motion could be construed that Justice in fact wanted different counsel.  Even if Justice made the motion with the intention of proceeding pro se, this implicit request was not sufficient to constitute an affirmative request or clear assertion of his right to proceed pro se.  See Dearybury v. State, 367 S.C. 34, 39-40, 625 S.E.2d 212, 215 (2006) (stating [t]he right to proceed pro se must be clearly asserted by the defendant prior to trial); Sims, 304 S.C. at 415, 405 S.E.2d at 381 (holding defendants contention that the trial judge erred in not allowing him to proceed pro se was without merit where defendant gave no indication of a desire to proceed pro se prior to trial).
Accordingly, Justices convictions and sentences are
 AFFIRMED.
HUFF, BEATTY, and WILLIAMS, JJ., concur.

[1]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.