THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Lee Edward Ellerbe, Appellant.
 
 
 

Appeal From Marlboro County
  James C. Williams, Jr., Circuit Court
 Judge

Unpublished Opinion No.  2007-UP-287
 Submitted June 1, 2007  Filed June 7,
 2007

APPEAL DISMISSED

 
 
 
 Appellate Defender Aileen P. Clare, South Carolina Commission on
 Indigent Defense, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Office of the Attorney General, all of Columbia; and Solicitor I. McDuffie
 Stone, of Hampton, for Respondent.
 
 
 

PER CURIAM:  Lee Edward Ellerbe appeals his conviction
 and sentence for first degree burglary.  Ellerbe argues he did not knowingly
 and voluntarily waive his right to counsel.  We disagree.  The Sixth Amendment
 guarantees criminal defendants a right to counsel.  State v. Gill, 355
 S.C. 234, 243, 584 S.E.2d 432, 437 (Ct. App. 2003).  This right, however, can
 be waived.  Dearybury v. State, 367 S.C. 34, 39-40, 625 S.E.2d 212, 215
 (2006).  The right to proceed pro se must be clearly asserted by the defendant
 prior to trial.  Id.  The trial judge has the responsibility to ensure
 that the accused is informed of the dangers and disadvantages of
 self-representation, and makes a knowing and intelligent waiver of the right to
 counsel.  Id.  
On
 multiple occasions, Ellerbe clearly asserted his right to proceed pro se.  Not
 one, but two judges clearly informed Ellerbe of the dangers and disadvantages
 of self-representation.  On September 2, 2003, Judge Macaulay expressly told
 Ellerbe that he was entitled to an attorney and that it would be dangerous for
 Ellerbe to proceed without one; on October 6, 2003, Judge Williams expressly
 told Ellerbe that he was entitled to an attorney and that it would be dangerous
 for Ellerbe to proceed without one.  Nevertheless, Ellerbe proceeded pro se. 
 He did so knowingly and voluntarily.  Accordingly, after a thorough review of
 the record, counsels brief, and Ellerbes pro se brief, pursuant
 to Anders v. California, 386 U.S. 738 (1967), and State v. Williams,
 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss this appeal and grant counsels
 motion to be relieved.  
APPEAL
 DISMISSED.
HEARN, C.J.,
 KITTREDGE, J., and CURETON, A.J., concur.